J. M. CAIN, Plaintiff in Error, *v.* JOHN HARDEN, Defendant in Error.

### *Error to Washington.*

1. In an appeal from the County Court, where the defendant was defaulted, under the statutes of this State, he could not be allowed to put in an answer in the Circuit Court, for the first time.
2. On motion for leave to answer in the Circuit Court, on appeal, affidavits in support of the motion were properly refused a hearing.
3. In all appeals from the County Courts, no other or different issues, than

those upon which judgment was rendered in the court below, can be heard in the appellate court.

4. The amendments contemplated by the statutes are such only as operate to perfect informal pleadings or imperfect issues.

JOHN HARDEN, defendant in error, brought suit against plaintiff in error, in the County Court of Washington County, and the defendant below was defaulted. From this the defendant took his appeal to the Circuit Court, and, at the calling of the cause, moved for leave to put in an answer, the motion being supported by affidavits, to the effect that, at the time of the trial in the County Court, the defendant below was insane, so far as to be incapable of attending to his business. The court overruled the motion for leave, and refused to hear the affidavits.

*Smith & Grover*, for plaintiff in error.

*W. C. Johnson*, for defendant in error.

STRATTON, J. The first and most important question presented for consideration is, as to the right of the appellant to put in an answer in the Circuit Court, having failed to appear and plead below. Session Laws, 1859, section 15 of the act organizing the County Courts of this State, provides, that " all cases removed from the County Court, whether in civil or criminal cases, shall stand for trial in the Circuit Court, on the papers and pleadings filed by the parties in said County Court ; *provided*, that either party may amend on such terms, as to costs, as the law, or the rules of the Circuit Court, may prescribe." Neither under this section, nor under a similar one, providing for appeals from Justices' Courts, has it ever been held that this right of amendment, in the Circuit Court, extended to the putting in of an answer, or reply, for the first time. It may have sometimes happened, under the peculiar pleadings in Justices' Courts, that the parties may have tried an issue, which does not appear upon the record. In such a case, the courts may have gone so far, and rightly too, as to

allow the parties to perfect such issue, as was actually tried in the first instance.   Under the section quoted, the right of amendment is limited to like cases.   Upon inspection, should the pleadings be so informal as to be insensible, repugnant, ambiguous, or argumentative, or so indefinite as to make the trial of any issue embarrassing, an amendment should always be allowed; but not to the extent of raising any new or substantially different issue from the one tried in the County Court.   To give this statute any other construction, would practically abolish all benefit to suitors from the jurisdiction of justices of the peace, or the County Courts.   A party, from interest or caprice, might fail or refuse to appear in a subordinate court at all, or appearing, make one issue, go to trial, and, if beaten, appeal to the Circuit Court, amend his pleading, make a different issue, and take his chances on that. Thus litigation would be multiplied, and costs made burdensome and intolerable.   The case at bar may be one of great hardship, but a rule of construction, to be of any value, must be inflexible.   The motion for leave to answer was properly overruled; and it must follow, as a matter of course, that there was no error in refusing to hear the affidavits, which is made a part of the assignment of error.

The second error alleged was, in entering judgment on a complaint, which, it is said, does not state facts sufficient to constitute a cause of action.   Section 30, of the justices' act, page 297, of the Statutes of 1855, enacts, that "pleadings shall not be required to be in any particular form, but shall be such as to enable a person of common understanding to know what was intended."   Section 23 of the act of 1859, organizing the County Court, adopts this as the rule of pleading in that court. There is nothing in the point.   The complaint is sufficient under the statutes.   When judgment was rendered in the Circuit Court, it was given against the principal and the sureties on the appeal bond, jointly, to the amount of the bond, five hundred dollars, which was the amount of the judgment below, but the costs were separately taxed against appellant. It is now objected by the appellant and his sureties, that this

Cain *v.* Harden.

bond was not a statutory bond, in double the amount of the judgment, and therefore could not operate as a supersedeas. However this may be, neither the appellant nor his sureties can be heard to make this objection. The bond was formal enough, except as to the amount; was conditioned to pay the judgment, or any modified judgment that might be rendered in the Circuit Court. If the appellee was content to take a less security than the law gave him, he might do so, instead of moving to quash the appeal. Under the statutes of this State, this court has decided that in appeals from justices of the peace, it is not the bond, but the notice, which confers jurisdiction upon the Circuit Court. Statutes of 1855, page 323, section 194, enacts, that no appeal allowed by a justice shall be dismissed on account of the undertaking being defective, if the appellant will, within a specified time, execute and file a sufficient one, or such an one as he should have filed below.

By an act to amend an act to organize County Courts, approved October 19, 1860, (*Session Laws*, 78,) it is provided, that upon the filing of the papers and transcript from the County Court, the Circuit Court shall become possessed of the cause, upon which the appeal is taken, and then, "shall proceed in the same manner, as near as may be, as in regard to causes brought by appeal from justices of the peace." We are, therefore, of the opinion, that the Circuit Court had jurisdiction to proceed in the matter as fully as if a perfectly formal bond had been filed; and though the appellee had the right to ask the dismissal of the appeal for want of such formal bond, he might waive it, as the only party who could be prejudiced, by the penalty being less than the statute provided for his security.

The judgment against the appellant and his sureties for the amount of the bond was correct. Nor was it error to tax the costs separately to the appellant.

Judgment is affirmed.