[Filed May 26, 1886.[1]]

## GILLIAM COUNTY v. WASCO COUNTY.

COUNTIES — DIVISION OF.—When a new county is created out of part of an old one, the old county takes the county property, and becomes liable for the whole of the county indebtedness, in the absence of legislative provision to the contrary.

SAME—APPORTIONMENT OF TAXES.—In such case the old county may be compelled to pay the whole of the state levy of taxes charged upon the county at the time the division took place.

WASCO COUNTY.    Defendant appeals.    Affirmed.

*A. S. Bennett*, for Appellant.

*H. C. Condon*, for Respondent.

WALDO, C. J.—It is settled law that when a new county is created out of a part of an old one, the old county takes the county property and becomes liable for the whole of the county indebtedness, in the absence of legislative provision to the contrary. (*Laramie County* v. *Albany County*, 92 U. S. 307; *Sedgwick County* v. *Bunker*, 17 Kan. 500, 501.) Although in strict technical language a tax is not a debt, yet in an enlarged sense, whenever there is a duty to pay on any ground there is a debt. (Beacon's Abr., Title Debt.) And on this ground it was said in *Neal* v. *Commonwealth*, 21 Gratt. 513, that " a tax is a debt recoverable ordinarily by distress, and for it an action of debt may lie." So the language of Stratton, J., *Multnomah County* v. *The State*, 1 Or. 360, is directly to

[1] Suspended on petition for rehearing till February 19, 1887.

the point, that after the taxes are charged the relation broadly of debtor and creditor between the county and the state exists.

Hence, when a county is divided, the old county, upon this principle, may be compelled to pay the whole of the state levy charged upon the county at the time the division took place.

It follows that the judgment of the court below must be affirmed.