[Argued April 23, 1893; decided June 19, 1893.]

## STATE v. BAKER COUNTY.

[S. C. 33 Pac. Rep. 530.]

1. ACTION AGAINST A COUNTY — SECTIONS 350 AND 2239. — In Oregon the authority to maintain an action against a county on an obligation created by law is not derived from section 350, but exists independently of it; and this section must be construed in connection with section 2239, which subjects a county to a suit or action on account of any matter arising out of its corporate obligations, whether created by contract or otherwise: *Grant Co.* v. *Lake Co.* 17 Or, 453, cited and approved.

2. CLAIM OF STATE FOR TAXES — CORPORATE OBLIGATION OF COUNTY. — The general scheme of assessing, levying, and collecting state taxes* in Oregon creates the relation of debtor and creditor between the state and each county; and, no particular remedy having been provided for enforcing the obligation, a law action will lie against any county for its proportion of the state tax: *Multnomah Co.* v. *State,* 1 Or. 359; *Gilliam Co.* v. *Wasco Co.* 14 Or. 525, and *Grant Co.* v. *Lake Co.* 17 Or. 453, cited and approved. The liability of a county for its proportion of the state tax is a "corporate obligation" for which it may be sued under section 2239, Hill's Code.

3. LIMITATIONS OF ACTIONS BY STATE TO RECOVER TAXES — CODE, § 6.— The obligation of a county to pay its proportion of the state taxes is entirely a creature of statute, and is consequently "a liability created by statute" within the meaning of subdivision 2, section 6, Hill's Code, requiring an action on such a liability to be brought within six years.

Baker County: JAS. A. FEE, Judge.

Action by the State of Oregon against Baker County to recover unpaid state taxes. Judgment for defendant on a general demurrer to the complaint, from which plaintiff appeals. Reversed.

* See sections 2788, 2789, 2790, 2791, 2813, Hill's Code, and Laws, 1885, page 135.

*Geo. E. Chamberlain,* attorney-general, for the State.

*M. L. Olmstead* (*J. E. Courtney* on the brief), for Respondent.

Mr. Justice Bean delivered the opinion of the court:

This action was commenced early in 1892 to recover the unpaid balance of the state taxes charged and apportioned to Baker County during the years 1879 to 1885 inclusive, and from 1889 to 1891 inclusive. The complaint contains ten counts, or causes of action, and in each count all the facts necessary to show the liability of the county are alleged. To the first six causes of action a demurrer was interposed on the ground that they were barred by the statute of limitations, and to the entire complaint a demurrer, which was sustained by the court below, on the ground that the plaintiffs had no capacity to sue, and for want of jurisdiction of the subject matter.

1. In support of the ruling of the court below it is contended that this action cannot be maintained because of section 350 of Hill's Code, which provides that "An action may be maintained against any of the organized counties of this state upon a contract made by such county in its corporate character, and within the scope of its authority, and not otherwise." In *Grant Co.* v. *Lake Co.* 17 Or. 453 (21 Pac. Rep. 447), this court had occasion to consider the effect of this section, and it was therein held that the authority to maintain an action against a county on an obligation created by law is not derived from said section, but exists independently of it, and that section 350 must be construed in connection with section 2239, which subjects a county to a suit or action on account of any matters arising out of its corporate obligations, whether created by contract or otherwise. If, therefore, the duty of Baker County to pay its proportion of the state taxes is a corporate obligation imposed upon it by law, it is clear,

under ·the decision referred to, that this action can be maintained; and this brings us to the principal question in the case.

2.   It is contended for the defendant that there is no corporate obligation on the part of the county to pay the amount of state taxes apportioned to it, but that the remedy of the state is against the treasurer of the county, whose duty it is to pay the amount so apportioned, and not against the county in its corporate capacity.   So far as the taxes accruing prior to the act of February 26, 1885, are concerned, this question was in effect decided adversely to the defendant's contention in *Multnomah Co.* v. *State,* 1 Or. 359.   In that case it was held that the law created the relation of debtor and creditor between the several counties and the state, and as no particular remedy was provided for enforcing the obligation, it would necessarily follow that an action at law is the proper remedy.   The act of 1885 (Laws of 1885, 135) does not, it seems to us, change this relationship, but only the mode of ascertaining the amount to be paid by the several counties.   To hold that under this act the counties of the state are not severally made liable for the amount of state taxes assessed upon the property within them, would be doing violence to both the spirit and letter of the law.

After making provisions for ascertaining the property in each county subject to taxation, and the value thereof, the law requires the county clerk to transmit to the secretary of state a certified copy of the assessment roll (section 2788), and the governor, secretary of state, and state treasurer, acting jointly, immediately after receiving the abstracts of the assessment rolls of the several counties, ascertain by computation, in a specified manner, the total amount of revenue necessary for state purposes, with the resulting rate of taxation, and apportion the total revenue among the several counties according to the amount of real and personal property subject to taxation therein

(section 2789), to be paid to the state treasurer in gold and silver coin, out of the first moneys collected and paid into the county treasury (section 2813), without any deduction or abatement on account of delinquent taxpayers (section 2791), and to be levied and collected in each county in the manner other taxes are levied and collected. (Section 2790.) All this points clearly to the county as the principal debtor. It would be difficult to find language more expressive of the legislative intent and purpose to make the counties liable in their corporate capacity for the amount of the state tax apportioned to each. The state does not deal with the individual taxpayers, or assume any responsibility for the collection of the tax, but deals with the county only. The revenue of the state is apportioned among the counties to be paid by them in proportion to the taxable property in each.

This is the basis upon which the amount payable by each county is to be ascertained. The primary liability belongs to the counties, and the state looks to them alone for its revenue. The means afforded them to raise the money with which to discharge this duty is given by providing that it shall be levied and collected in each of said counties in the manner other taxes are levied and collected. The machinery for raising and collecting taxes is exclusively under the control of the counties, and vested in officers in whose election or appointment the state has no voice, and for whose acts it is in no way responsible. It imposes upon each of the several counties the burden of contributing a just proportion of the expenses of the state goverment, at the same time providing it with the means of raising the funds with which to discharge the obligation, and holds the county responsible for the entire amount so apportioned, whether collected or not. While there is no provision in the law as it now stands, directing or requiring the state treasurer to charge the several counties with the amount so apportioned, yet the effect of the

law is to create the relation of debtor and creditor between the counties and the state: *County of Schuylkill* v. *Commonwealth*, 35 Pa. St. 524; *Supervisors* v. *St. Clair Co.* 30 Mich 388.

But it is argued that a tax is not a debt which can be enforced by action, or upon which a promise to pay can be implied. It may be admitted that, as between the sovereign and the taxpayer, a tax is not, in a technical sense, a debt which can be collected by suit or action, unless the law so provides, either expressly or impliedly. But if the obligation of the several counties in this state to contribute, in proportion to the taxable property within them, to the expenses of the state government, can be said to be a tax within the meaning of the rule above indicated, no means are provided by law for its enforcement except the general provisions authorizing the state to sue, and the county to be sued; and no rule is better settled than the one stated by Mr. Justice STORY, that "By the common law an action of debt is the general remedy for the recovery of all sums certain, whether the legal liability arises from contract, or be created by statute, and the remedy as well lies for the government itself as for a citizen; and where the debt arises by statute an action or information of debt is the appropriate remedy, unless a different remedy be prescribed by statute": *U. S.* v. *Lyman*, 1 Mason, 498; *Gilliam Co.* v. *Wasco Co.* 14 Or. 525 (13 Pac. Rep. 324); *Grant Co.* v. *Lake Co.* 17 Or. 453 (21 Pac. Rep. 442); *Savings Bank* v. *United States*, 19 Wall. 227.

3. The next objection involves the statute of limitations. For the purposes of this case the statute provides that "an action upon a contract or liability, express or implied," or "upon a liability created by statute, other than a penalty or forfeiture," shall be commenced within six years, and for any other cause of action within ten years, after the cause of action shall have accrued (sections 6 and 11), and that these limitations shall apply to actions

XXIV. OR.—10.

brought in the name of the state. (Section 13.) It is manifest that this is not an action upon a contract express or implied; and the question then presented is whether it is an action upon a liability created by statute, and therefore barred within six years, or a cause of action not otherwise provided for, and therefore not barred for ten years. The test as to whether a liability is one created by statute is said to be "whether, independent of the statute, the law implies an obligation to do that which the statute requires to be done, and whether, independently of the statute, the right of action exists for a breach of the duty or obligation imposed by the state": Wood, Limitations, § 39. If so, then the liability is not one created by statute; but if it is an obligation imposed wholly by statute, and without which it does not exist, it is then a liability created by statute, and in this state is barred within six years: *Higley* v. *Calaveras County,* 18 Cal. 176; *Chase* v. *Lord,* 16 Hun. 369; *Richards* v. *Wyandotte County,* 28 Kan. 326; *Shepherd* v. *Hills,* 25 Law J. Exch. 6.

Within this rule it seems clear that the duty or obligation of a county to contribute or pay its proportion of the state taxes is wholly a liability created by statute. Independently of the statute the law implies no obligation whatever upon a county to do that which the statute requires to be done, and except for the statute there would be no liability or right of action. The obligation of a county to contribute its proportion of the state taxes is entirely a creature of the statute, and exists only by virtue thereof, and is consequently a liability created by statute, within the provisions of subdivision 2 of section 6. And since the legislature has thought proper to provide that the statute of limitations shall apply to actions brought in the name of the state, in the same manner as to actions by private parties, it follows that if the state fails to prosecute its demand for the period during which the claim of a private individual is protected, it must suffer the same consequences.

The judgment of the court below must be REVERSED and the cause remanded for further proceedings not inconsistent with this opinion.