Argued September 19, reversed and remanded November 3, reconsideration denied December 3, 1975, petition for review allowed January 13, 1976. 

URBAN RENEWAL AGENCY OF THE CITY OF
COOS BAY, *Respondent, v.*
LACKEY ET UX (No. 33824, CA 4296), *Appellants.*
541 P2d 1298

*Malcolm J. Corrigall,* Coos Bay, argued the cause for appellants. On the briefs were McNutt, Gant & Ormsbee and Orrin R. Ormsbee, Coos Bay.

*Richard L. Barron,* Coos Bay, argued the cause for respondent. With him on the brief were Bedingfield and Joelson, Coos Bay.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

On April 11, 1974 plaintiff Urban Renewal Agency of Coos Bay (Agency)—a public corporation and political subdivision of the State of Oregon (ORS 457.130-457.140) — initiated legal action against defendants Gussie and Kathryn Lackey, seeking payment of rent which had allegedly accrued since its acquisition—by means of condemnation—of a building previously owned and presently occupied by them.

In addition to a general denial, the Lackeys also counterclaimed, alleging: (1) that under the terms of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (42 USC § 4625 (1970)) the Agency had a duty to assist them in obtaining and becoming established in a replacement

location with a minimum of delay and loss of earnings, (2) that the Agency had failed to provide the required assistance and had, in fact, "delayed and hindered" their relocation efforts, and (3) that as a result of this "breach of duty" they had been damaged to the extent of $50,000.

Subsequent to the swearing of a jury and the introduction of some evidence by the Agency, it orally demurred to the counterclaim. This demurrer was based upon the failure of the Lackeys to include in their pleading an allegation that the notice required by ORS 30.275 as a jurisdictional prerequisite to the maintenance of any action based upon the "tort" of a public body had been given in accordance with the terms of the statute. After being allowed to amend their counterclaim to include such an allegation, the Lackeys proceeded to introduce evidence, consisting of correspondence between them and the Agency and its attorney, which they regarded as meeting the statutory notice requirement.

The circuit court considered that evidence and dismissed the counterclaim, noting:

"* * * [T]he notice was not given pursuant to ORS 30.275 * * * the notice which I consider might have been adequate is [Lackeys' attorney's] letter * * * of November 26th, 1973. That letter, I think, is the only thing that the Court could really consider to be notice in this case * * *. That letter, however, was addressed to [Agency's attorney]. It was not addressed to a person provided for in the statute on service * * *."

Following the dismissal of the counterclaim, a directed verdict in favor of the Agency was entered and judgment against the Lackeys in the amount of $7,000 for rent ensued on January 30, 1975.

Lackeys appeal to this court, arguing alternatively

that their counterclaim should not have been dismissed because either (1) notice was not required under the circumstances of their case, or (2) if, in fact, notice was required their communications with the Agency and its attorney over a six-month period constituted substantial compliance with the terms of the statute. As respondent the Agency answers by asserting that the circuit court was correct in finding that notice was necessary and that it had not actually been given.

The parties come to this court in apparent agreement that the counterclaim was an action "sounding in tort" to which the Oregon Tort Claims Act is at least arguably applicable. The issues as defined by the parties would involve the questions of whether the Tort Claims Act applies to intentional torts as well as those arising from negligence, whether the provisions of the Act need be complied with when a tort claim is raised as a counterclaim, and whether the notice requirement of ORS 30.275 should be strictly or liberally construed. Because we believe the parties have incorrectly analyzed a threshold issue, however, we will not reach the questions framed by them on this appeal.

We conclude that the circuit court erred in dismissing the Lackeys' counterclaim for failure to comply with the notice requirements of the Tort Claims Act for the reason that the cause of action alleged by them was one to which the Act had no application.[1]

---

[1] In declining to reach the issues raised by the parties we are not unmindful of the Supreme Court's suggestion, recently stated in *State v. Hickmann,* 273 Or 358, 540 P2d 1406 (1975), to the effect that "* * * [g]enerally, on appeal the case, criminal or civil, should be heard on the same theory upon which it was presented in the court below * * * except where important considerations of public policy are encountered in the solution of a case before the court * * *." We do, however, regard the question of what is and is not a "tort claim" for purposes of the Oregon Tort Claims Act as one involving important considerations of public policy.

■ Although "a really satisfactory definition of a tort has yet to be found,"[2] tortious liability is commonly acknowledged as arising from the breach of a duty fixed by the common law as distinguished from a duty created by contract. Duties and liabilities may, however, also be created by statute. The legislative branch may choose to fasten responsibility for "injuries" for which the common law provided no remedy; it is well settled that a private "right of action" may be predicated upon the violation of a statute containing a mandate to do an act for the benefit of another even though no such right of action is given by the express terms of the statute.

■ Although a given set of facts may give rise to both a cause of action in common law tort and a "statutory cause of action," statutory and common law duties need not be commensurate and a party owing a duty under a statute may breach that duty under circumstances which would create no "tort" liability. An action based upon such a breach is not one sounding in tort.[3] In an early opinion the Supreme Court noted that:

> "* * * The test as to whether a liability is one created by statute is said to be 'whether, independent of the statute, the law implies an obligation to do that which the statute requires to be done, and whether, independently of the statute, the right of action exists for a breach of the duty or obligation imposed by the state.' Wood, Limitations, § 39. If so, then the liability is not one created by statute; but if it is an obligation imposed wholly by statute, and without which it does not

---

[2] Prosser, Torts 1 (3d ed 1964).

[3] While ORS 12.110 provides that actions based upon torts must be commenced within two years (with certain exceptions specifically mentioned therein and in ORS 12.115), it is specifically provided in ORS 12.080(2) that "An action upon a liability created by statute * * * shall be commenced within six years."

exist, it is then a liability created by statute * * *."
*State v. Baker County,* 24 Or 141, 146, 33 P 530
(1893).

*See also Shelton v. Paris,* 199 Or 365, 261 P2d 856
(1953).

■ The duty allegedly owed by the Agency in this
case was wholly a statutory obligation; the damages
alleged to have been suffered as a result of the breach
of that duty were not within the scope of the Tort
Claims Act—the notice requirement of ORS 30.275
was not applicable.

Reversed and remanded.