# URBAN RENEWAL AGENCY OF THE CITY OF COOS BAY, *Petitioner,*

## *v.*

# LACKEY et ux, *Respondents.*

549 P2d 657

*Richard L. Barron,* Coos Bay, argued the cause for petitioner. With him on the brief were Bedingfield and Joelson, Coos Bay.

*Malcolm J. Corrigall,* Coos Bay, argued the cause for respondents. On the brief were McNutt, Gant & Ormsbee and Orrin R. Ormsbee, Coos Bay.

(See 75 Adv Sh 3750, 23 Or App 251 for original opinion)

TONGUE, J.

**TONGUE, J.**

This was an action by an Urban Renewal Agency for rent on a building previously condemned by the Agency. Defendants counterclaimed for damages, alleging: (1) that under the terms of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (42 USC § 4625 (1970)) the Agency had a duty to assist them in obtaining and becoming established in a replacement location with a minimum of delay and loss of earnings; (2) that the Agency had failed to provide the required assistance and had, in fact, "delayed and hindered" their relocation efforts; and (3) that as a result of this "breach of duty" they had been damaged to the extent of $50,000.

Plaintiff demurred to the counterclaim on the ground that it did not allege prior notice to plaintiff, a state agency, as required by the Oregon Tort Claims Act, ORS 30.275(1). The trial court sustained the demurrer and defendants appealed to the Court of Appeals from the resulting judgment.

The Court of Appeals, without considering the questions raised by appellants relating to the necessity of alleging prior notice and the sufficiency of the notice given, held that no notice was required because the counterclaim was not for a tort, but the breach of a duty arising from a "statutory obligation." 23 Or App 251, 541 P2d 1298 (1975). We granted a petition for review because of our concern whether that decision is correct and also whether proper or sufficient notice was given in this case.

1. *The claim against the Urban Renewal Agency was for a tort, within the meaning of the Oregon Tort Claims Act.*

■ The counterclaim was based on the theory that certain regulations promulgated by the Department of Housing and Urban Development, as set forth in 36 Federal Register 8785-798 (May 13, 1971), imposed a duty on the Urban Renewal Agency, a state agency, to

[ 37 ]

assist the defendants in re-establishing their business with a minimum of delay and loss of earnings. The Court of Appeals held that a breach of that duty was not a tort because an action based on the breach of a duty, with resulting damages, is not a tort when the duty is "wholly statutory," citing *State v. Baker County,* 24 Or 141, 33 P 530 (1893), and *Shelton v. Paris,* 199 Or 365, 261 P2d 856 (1953).

■ As we read those cases, neither of them held that a cause of action based upon breach of a statutory duty is or is not a tort, but only that a different statute of limitations applies in such cases. Indeed, different statutes of limitations also apply for various kinds of torts.[1] In our opinion there is no reason to believe that the legislature, by providing a six-year statute of limitations for "a liability created by statute," intended to exclude such liabilities from the category of "torts" for purposes of the Tort Claims Act.

■ It has been said, and with good reason, that no really satisfactory definition of a tort has yet been found.[2] As a general rule, however, any breach of a legal duty resulting in damages, other than those duties created by contract, is a tort, whether that duty is imposed by the common law or by statute. Also, in our view, and as held in *Gray v. Hammond Lumber Co. et al,* 113 Or 570, 576, 232 P 637, 233 P 561, 234 P 261 (1925):

> "When statutes are enacted which undertake to declare rights and establish a standard of conduct for their protection, any acts or omissions in violation of such statute, which destroy the enjoyment of such rights, may be treated as legal wrongs or torts: * * *."

To the same effect, see *Morris v. City of Sheridan,* 86 Or 224, 167 P 593 (1917).

---

[1] For example, six years for waste or trespass (ORS 12.080); one year for libel or slander (ORS 12.120); two years for injury to person (ORS 12.110), etc.

[2] Prosser, Law of Torts 1, § 1 (4th ed 1971).

See also *Boos v. Donnell,* 421 P2d 644 (Okla 1966); *Newt Olson Lumber Co. v. School District No. 8,* 83 Colo 272, 263 P 723, 724 (1928); and Prosser, Law of Torts § 36 (4th ed 1971).

## 2. *Sufficient notice of plaintiff's claim was given.*

Plaintiff contends that, in any event, defendants cannot recover on their counterclaim because they failed to give notice to plaintiff within 180 days, as required by ORS 30.275(1) and (3).[3]

We note from the record in this case that on April 11, 1974, plaintiff filed its action against defendants for rent on the premises condemned by it, alleging that defendants occupied the premises as tenants from March 1, 1973, to the date of that complaint; that on May 10, 1974, defendants filed their original answer and counterclaim, alleging that plaintiff had failed to perform its duty to provide relocation services and had "delayed and hindered defendants' relocation efforts" and that, as a result, defendants had been damaged to the extent of $13,850; that plaintiff then filed on June 21, 1974, an answer to the counterclaim which did not raise the defense of lack of a previous written notice, as required by ORS 30.275; and that plaintiff did not

---

[3] ORS 30.275 provides:

"(1) Every person who claims damages from a public body for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent acting within the scope of his employment or duties shall be presented to the Attorney General. Claims against any other public body shall be presented to a person upon whom process could be served in accordance with subsection (3) of ORS 15.080. Failure to state the amount of compensation or other relief demanded does not invalidate the notice.

"* * * * *

"(3) No action shall be maintained unless such notice has been given and unless the action is commenced within two years after the date of such accident or occurrence. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity."

[ 39 ]

raise that question until the trial of the case on January 23, 1975. At that time, and after defendants had rested their case in support of their counterclaim, plaintiff filed a demurrer on that ground to defendants' amended answer and counterclaim, which had been previously filed on November 1, 1974.

It also appears from the record that defendants then moved for leave to amend their counterclaim to allege that they had given the notice required by the statute and contended, in support of that motion, that both the original answer and counterclaim and letters written by defendants' attorneys constituted sufficient notice to satisfy the requirements of ORS 30.275.

The trial judge then allowed defendants' motion to amend their counterclaim to allege that such notice had been given, but then, after considering the correspondence offered in evidence by defendants, sustained the demurrer, apparently on the ground that neither the original counterclaim nor the correspondence relied upon by defendants satisfied the requirements of notice as stated in ORS 30.275(1).

The pleading and proof of notice sufficient to satisfy the requirements of ORS 30.275 is a mandatory requirement and a condition precedent to recovery under the Oregon Tort Claims Act. Cf. *Cross et ux v. Harris,* 230 Or 398, 401, 370 P2d 703 (1962).[4] The requirements of the statute may be satisifed, however, by a substantial compliance with such requirements. Cf. *Sprague v. Astoria,* 100 Or 298, 303-04, 195 P 789 (1921); and *Loe et ux v. Lenhardt et al,* 227 Or 242,

---

[4] It has also been held that these requirements are "jurisdictional." *See Fry v. Willamalane Park & Rec. Dist.,* 4 Or App 575, 481 P2d 648 (1971), and *Johnson v. Smith,* 24 Or App 621, 626, 546 P2d 1087 (1976). *But see Baker v. State Bd. of Higher Education,* 20 Or App 277, 531 P2d 716 (1975). If these requirements are jurisdictional, it may be that compliance with them could not be waived, as may be possible if such requirements, although "mandatory," are conditions precedent to recovery. We need not, however, decide that question in this case.

See also Annot., 65 ALR2d 1278, 1285 (1959), with supplemental annotations, and 18 McQuillin, Municipal Corporations 558-63, § 53, 154 (3d ed rev 1963).

255-58, 362 P2d 312 (1961). See also *Kelly v. City of Rochester,* —— Minn ——, 231 NW2d 275 (1975); *Seifert v. City of Minneapolis,* 298 Minn 35, 213 NW2d 605 (1973); and *Olander v. Sperry and Hutchinson Company,* 293 Minn 162, 197 NW2d 438 (1972).

■ The purpose of the requirement of the Oregon Tort Claims Act that any person who claims damages from a public body under the Oregon Tort Claims Act "shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded" is to give the public body timely notice of the tort and allow its officers an opportunity to investigate the matters promptly and ascertain all the necessary facts. *See Croft v. Gulf & West./Highway Comm.,* 12 Or App 507, 515, 506 P2d 541 (1973).[5]

■ We hold that the allegations of defendants' original counterclaim were sufficient to constitute a substantial compliance with the requirements of ORS 30.275(1), when considered in the light of the allegations of plaintiff's complaint.

Plaintiff's complaint, filed April 11, 1974, alleged that it, as an Urban Renewal Agency, was the owner of premises occupied by defendants commencing on March 1, 1973, and continuing to the date of the complaint, that defendants were occupying such premises

---

[5]The Oregon Tort Claims Act, which became effective July 1, 1968, including ORS 30.275(1), was based largely upon the Minnesota Tort Claims Act. See Lansing, The King Can Do Wrong! The Oregon Tort Claims Act, 47 Or L Rev 357, 359 (1968). It is thus of interest to note that the Supreme Court of Minnesota, in *Seifert v. City of Minneapolis,* 298 Minn 35, 213 NW2d 605, 606 (1973), held that the principal purpose of the Minnesota Tort Claims Act is:

"* * * [T]o protect against dissipation of public funds by requiring that the municipality be promptly furnished with information concerning a claim against it so that full opportunity is provided to investigate it, to settle those of merit without litigation, and to correct any deficiency in municipal functions revealed by the occurrence. By timely service of notice, the municipality is also afforded protection against stale or fraudulent claims or the connivance of corrupt employees or officials."

as month-to-month tenants, and had failed to pay a reasonable rental, alleged to be in the sum of $350 per month. The original counterclaim, filed on May 10, 1974, alleged that under the terms of applicable statutes and regulations plaintiff had a duty to provide relocation assistance; that plaintiff had failed to do so and had "in fact delayed and hindered defendants' relocation efforts," and that as a result of such conduct defendants had been damaged "to the extent" of $13,850.

■ We believe, bearing in mind the purposes of the notice requirements of the Oregon Tort Claims Act, that these allegations were sufficient to constitute substantial compliance with the requirement of "a written notice stating the time, place and circumstances" of defendants' claim, as well as "the amount of compensation" sought. Plaintiff contends that under the terms of ORS 30.275(1) and 15.080 a notice to the attorney of the agency involved, as was provided by the service of the original counterclaim in this case, is not sufficient. We hold, however, that when, as in this case, a state agency through its attorney has filed an action against a person with a claim under the Oregon Tort Claims Act against that agency, a counterclaim with allegations sufficient to satisfy the requirements of ORS 30.275(1) substantially satisfies the purposes of that statute when served upon the agency's attorney.[6]

Under such facts, a counterclaim filed within the 180-day period required for notice affords to the agency a fair opportunity to investigate the claim while the evidence is still available, so as to satisfy one of the purposes of the requirement that notice be given within that period. As for the further purpose of the notice requirement to afford an opportunity for settlement of claims of merit without litigation, when the agency has already sued a person with a claim against

---

[6] *Cf. Croft v. Gulf & West./Highway Comm.,* 12 Or App 507, 514-15, 506 P2d 541 (1973).

that agency in an action involving the same subject matter, as in this case, there is then no reason to require separate written notice of such a claim in advance of the filing of a counterclaim because the expense of litigation has already been substantially incurred.

Plaintiff makes no contention that defendants' original counterclaim, if otherwise sufficient to satisfy the requirements of ORS 30.275(1), was insufficient as not timely "notice within 180 days after the alleged loss or injury." Indeed, plaintiff's attorney stated at the time of trial that "[t]he statutory 180 days started to run on July 10, 1974." As previously stated, defendants' original counterclaim was filed on May 10, 1974.

For all of these reasons, we affirm the decision of the Court of Appeals remanding this case to the trial court, but with instructions to consider and decide the merits of defendants' counterclaim[7] by proceedings not inconsistent with this opinion.

Affirmed, with instructions.

---

[7] In a demurrer filed in this court plaintiff for the first time contends that the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, and the regulations mentioned in defendants' counterclaim, do not provide for the remedy of damages sought by defendants, citing *Tullock v. State Highway Commission of Missouri,* 507 F2d 712 (8th Cir 1974); *Jones v. District of Columbia Redevelopment Land Agcy.,* 499 F2d 502 (DC Cir 1974); *La Raza Unida of Southern Alameda County v. Volpe,* 488 F2d 599 (9th Cir 1973); *Lathan v. Volpe,* 455 F2d 1111 (9th Cir 1971); *Whitman v. State Highway Commission of Missouri,* 400 F Supp 1050 (WD Mo CD 1975); and *Auraria Business Against Con., Inc. v. Denver U.R.A.,* —— Colo ——, 517 P2d 845 (1974). However, we do not read those decisions as supporting plaintiff's position, at least under the facts of this case. *See generally* Mowe, Federal Statutes and Implied Private Actions, 55 Or L Rev 3 (1976).