Argued and submitted June 10, affirmed September 18, reconsideration denied
November 1, petition for review denied November 16, 1985 (300 Or 332)

# MICHAEL SCOTT GEORGESON,
*Appellant,*

*v.*

# STATE OF OREGON,
*Respondent.*

# (A8210-06170; CA A33951)

706 P2d 570

Emerson G. Fisher, Portland, argued the cause for appellant. With him on the briefs was Garry K. Kahn, Portland.

Kendall M. Barnes, Assistant Attorney General, Salem, argued the cause for respondent State of Oregon. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

Affirmed.

GILLETTE, P. J.

This is a claim for damages arising out of plaintiff's arrest on a void bench warrant by a Multnomah County Sheriff's deputy. Plaintiff's amended complaint against the State of Oregon was dismissed for failure to comply with the 180-day notice provision of the Oregon Tort Claims Act. ORS 30.275. Plaintiff appeals.[1] We affirm.

On February 14, 1981, plaintiff was cited for driving under the influence of intoxicants. A bench warrant issued after plaintiff failed to appear in Multnomah County District Court on the charge. Later, plaintiff was arraigned and, on the day of the trial, the citation was dismissed.

After the criminal case was concluded, warrant recall information should have been transmitted by district court clerical personnel to the sheriff's office. Unfortunately, the bench warrant remained in the computerized records well after the underlying citation against plaintiff had been dismissed. On the strength of the unrecalled warrant, plaintiff was arrested on July 31, 1981, and imprisoned for approximately 13 hours. The present case arose out of that arrest and imprisonment.

Written notice of plaintiff's pending tort claim was given to defendant Multnomah County on August 20, 1981. The county advised plaintiff by letter dated February 11, 1982, that the state was possibly involved as the employer of the district court clerical personnel. Plaintiff then gave notice to the state by letter dated February 18, 1982—a date well beyond the 180-day notice requirement of the Tort Claims Act.

In the operable notice allegation of the first amended complaint, the only notice now before us,[2] plaintiff claims that

---

[1] Judgment for defendant State of Oregon was entered pursuant to ORCP 67B.

[2] Plaintiff filed three complaints in this case. No issue involving the first complaint is before us. The only issue raised by the state's motion to dismiss plaintiff's amended complaint was whether it alleged sufficient facts to show timely notice of his tort claim to the state. After the trial court resolved that issue against plaintiff and dismissed the state as a party, plaintiff elected to replead, filing a second amended complaint. This second amended complaint alleged a new and completely different theory of notice—agency—and did not attempt to remedy the defects of plaintiff's first amended complaint. The state subsequently moved for and obtained summary judgment. On appeal, plaintiff raises only the issue of whether his first amended complaint alleged sufficient facts to show timely notice.

he notified the county within 180 days of his injury and the state within "180 days of the date on which it became reasonably apparent that the defendant State of Oregon was involved." The court below correctly ruled that plaintiff's complaint did not state ultimate facts sufficient to state a claim, because plaintiff's allegation was conclusory. As stated in *Urban Renewal Agency v. Lackey,* 275 Or 35, 40, 549 P2d 657 (1976), "[t]he pleading and proof of notice sufficient to satisfy the requirements of ORS 30.275 is a mandatory requirement and a condition precedent to recovery under the Oregon Tort Claims Act." On the face of the complaint, plaintiff's notice was late. In *Adams v. Oregon State Police,* 289 Or 233, 611 P2d 1153 (1980), the court held that the 180-day notice period does not commence to run until a plaintiff has a reasonable opportunity to discover the identity of the party responsible for the harm alleged. Correspondingly, a plaintiff has a duty to use due diligence in an effort to discover the responsible party. *Duncan v. Augter,* 62 Or App 250, 255, 661 P2d 83, *rev den* 295 Or 122 (1983). Plaintiff's complaint failed to allege that any effort was made, diligent or otherwise, to discover the state's involvement or that it was not a lack of diligence on plaintiff's part which delayed notice being given to the state.[3]

■ Liberal pleading rules generally allow a party to avoid the potentially harsh results of a motion to dismiss by repleading. ORCP 23A; *see Shaughnessy v. Spray,* 55 Or App 42, 51, 637 P2d 182 (1981). However, in this case, plaintiff has already had an opportunity to replead and, if possible, to correct the defects in the complaint. Rather than doing so, plaintiff chose to plead a wholly different theory of notice. Plaintiff having chosen that course, we find that the granting of a further opportunity to replead would be inappropriate.

Affirmed.

---

[3] Plaintiff's allegation that the district court clerical workers considered themselves county employes does not resolve the issue of plaintiff's efforts at discovery which would justify tolling the 180-day notice limitation of the Tort Claims Act; indeed, it says nothing at all about what plaintiff believed and did (or did not).