Argued and submitted April 8, affirmed August 3, reconsideration denied October 14, petition for review denied November 16, 1988 (307 Or 145)

GANNON et ux,
*Appellants,*

*v.*

ROGUE VALLEY MEDICAL CENTER,
*Respondent.*

(86-1937-J-3; CA A45177)

758 P2d 87

Ronald K. Cue, Ashland, argued the cause and filed the brief for appellants.

William V. Deatherage, Medford, argued the cause for respondent. On the brief were Larry B. Workman, Medford, and Frohnmayer, Deatherage, deSchweinitz, Pratt & Jamieson, P.C., Medford.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiffs appeal from a summary judgment for defendant in an action for medical malpractice. The issue is whether plaintiffs' actions are barred by the Statute of Limitations. ORS 12.110(4).[1] We affirm.

Plaintiffs filed this action on June 27, 1986. Mary Gannon sought damages for an injury allegedly caused by the negligent act of defendant. John Gannon sought damages for loss of the companionship of his wife, Mary. Defendant answered that both causes of action were filed after the period allowed by the applicable Statute of Limitations. The trial court granted defendant's motion for summary judgment on both counts,[2] holding that both were time-barred.

We recite the facts alleged in plaintiffs' complaint are these. On June 10, 1982, in the course of treatment for low back problems, Mary underwent a myelogram. Because defendant failed to prevent the introduction of infectious organisms during the myelogram, Mary contracted meningitis. Later, as a result of the meningitis, she suffered chronic organic brain syndrome and accompanying psychiatric problems. She did not discover that the meningitis was a cause of the syndrome until June 30, 1984.

■ Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. We view the record in the light most favorable to the party opposing the motion. *Seeborg v. General Motors Corporation,* 284 Or 695, 588 P2d 1100 (1978). The question of when a plaintiff should have discovered the existence of a claim is normally one of fact for the jury. *Peterson v. Mult. Co. Sch. Dist. No. 1,* 64 Or App 81, 85, 668 P2d 385, *rev den* 295 Or 773 (1983). As a matter of law, a defendant is entitled to summary judgment if it can show that there is no

---

[1] ORS 12.110(4) provides, in relevant part:

"An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury first is discovered or in the exercise of reasonable care should have been discovered."

[2] Plaintiffs do not argue that the Statute of Limitations is tolled by Mary Gannon's mental incapacity. *See* ORS 12.160(2). Therefore, the same facts are applicable to each plaintiff's awareness that a cause of action had accrued, and we discuss both causes together.

issue of material fact concerning when the plaintiff "first discovered or in the exercise of reasonable care should have discovered" the injury and that that date preceded the filing of the action by more than two years. A plaintiff should discover that she has a claim when she realizes (1) that she has been injured, (2) that the injury can be attributed to an act of the alleged tortfeasor and (3) that the act of the alleged tortfeasor was somehow negligent. *Hoffman v. Rockey,* 55 Or App 658, 663, 639 P2d 1284, *rev den* 292 Or 722 (1982).

■    It is uncontested that, as early as May, 1982, both plaintiffs knew that Mary's meningitis may have been caused by defendant's negligence. The documents filed supporting and resisting the motion for summary judgment disclose that plaintiffs declined to file suit at that time, because Mary had recovered from the meningitis and because their attorney advised that the damages were not serious enough to warrant a lawsuit. Although Mary's organic brain syndrome was diagnosed on August 3, 1983, the attending psychiatrist could not identify the cause. The psychiatric condition continued to worsen. In June, 1984, she was civilly committed for treatment. On June 27, 1984, after the commitment hearing, the examining psychiatrist reported that the meningitis was a contributing factor to the occurrence of the syndrome.

Plaintiffs contend that they were not aware of the syndrome until June, 1984, and were not aware of its relation to the meningitis until June 27, 1984. They argue that, because they sought treatment for the brain disorder, and because the treating psychiatrists did not relate it to the meningitis until June 27, 1984, that was the earliest date on which they could have discovered that they had claim. Defendant argues that, in 1982, plaintiffs knew (1) that Mary suffered from meningitis, (2) that the meningitis could be attributed to the administration of the myelogram by defendant and (3) that the myelogram may have been negligently administered. It therefore argues that plaintiffs' causes of action accrued when they knew of the earlier injury, that is the meningitis.

In *Guiley v. Hammaker,* 55 Or App 921, 927, 640 P2d 664, *rev den* 292 Or 863 (1982), a 14-day-old child, who was involved in an automobile accident, suffered what appeared at that time to be only a minor abrasion. Seven years later it was learned that the accident probably had also caused injury to

one of his optic nerves, resulting in learning disabilities. We held that because, at the time of the accident, plaintiff knew that an act attributable to defendant, which was somehow negligent, had caused him injury, the cause of action had accrued at the time of the accident. We further held that the Statute of Limitations had run and that it had not been tolled by the undiscovered extent of injury.[3] 55 Or App at 925. *See also Duyck v. Tualatin Valley Irrigation Dist.*, 304 Or 151, 162, 742 P2d 1176 (1987); *Branch v. Hensgen*, 90 Or App 528, 752 P2d 1275 (1988).

It is conceded in this case that plaintiffs realized in 1982 that defendant's administration of the myelogram was possibly negligent. It is also undisputed that plaintiffs were aware in 1982 that defendant's act may have caused injury, that is, meningitis. We hold that the statute began to run in 1982, and that plaintiffs' claims are barred by ORS 10.110(4).

Affirmed.

---

[3] In *Guiley,* the statute was tolled for five additional years, under ORS 12.160, because of the plaintiff's minority. However, that did not affect our holding that the statute was not tolled by the undiscovered extent of the injuries.