Argued and submitted November 30, 1987, reversed and remanded on appeal and affirmed on cross-appeal December 21, 1988, reconsideration denied February 24, petition for review denied March 21, 1989 (307 Or 571)

# BRINKLEY,
*Respondent - Cross-Appellant,*

*v.*

# OREGON HEALTH SCIENCES UNIVERSITY,
*Appellant - Cross-Respondent.*

(A8412-07487; CA A41161)

766 P2d 1045

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellant - cross-respondent. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Stephen L. Brischetto, Portland, argued the cause for respondent - cross-appellant. With him on the briefs was Baldwin & Brischetto, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant, a state agency, appeals a judgment for plaintiff in his action for damages and injunctive relief for unlawful employment practices. ORS 659.415; ORS 659.420.[1] The judgment awarded plaintiff $19,443.75 for lost wages, credits for his personal leave, vacation pay and sick pay accounts and a $1,166.63 credit for his retirement account. Defendant assigns as errors that the court denied its motion to dismiss for failure to state a claim, ORCP 21A, and that it did not "offset" plaintiff's damages for failure to mitigate his damages. Plaintiff cross-appeals and assigns as errors that the court ruled that he should pay his own attorney fees and that it refused to award him prejudgment interest. On the appeal, we reverse and remand; on the cross-appeal, we affirm.

Plaintiff filed the action in December, 1984. He alleged in his first claim for relief that he began to work for defendant as a carpenter on December 1, 1972; that on December 11, 1979, he suffered a compensable back injury;

---

[1] ORS 659.415 provides:

"(1) A worker who has sustained a compensable injury shall be reinstated by the workers' employer to the worker's former position of employment, upon demand for such reinstatement, provided that the position is available and the worker is not disabled from performing the duties of such position. If the former position is not available, the worker shall be reinstated in any other position which is available and suitable. A certificate by a duly licensed physician that the physician approves the worker's return to the worker's regular employment shall be prima facie evidence that a worker is able to perform such duties.

"(2) Such right of reemployment shall be subject to the provisions for seniority rights and other employment restrictions contained in a valid collective bargaining agreement between the employer and a representative of the employer's employes.

"(3) Any violation of this section is an unlawful employment practice."

ORS 659.420 provides:

"(1) A worker who has sustained a compensable injury and is disabled from performing the duties of the worker's former regular employment shall, upon demand, be reemployed by the worker's employer at employment which is available and suitable.

"(2) A certificate of the worker's attending physician that the worker is able to perform described types of work shall be prima facie evidence of such ability.

"(3) Such right of reemployment shall be subject to the provisions for seniority rights and other employment restrictions contained in a valid collective bargaining agreement between the employer and a representative of the employer's employes.

"(4) Any violation of this section is an unlawful employment practice."

that on February 28, 1984, he provided defendant a physician's certificate stating that he was released to return to his regular job as a carpenter; that he asked for reinstatement; and that, since March 14, 1984, defendant had refused to reinstate him, although it had carpenter positions available on and after February 28, 1984.[2] On June 3, 1985, defendant moved to dismiss the first claim on the ground that, "by failing to allege tort claims notice pursuant to ORS 30.275, the complaint fails to state a claim for relief."[3] ORCP 21A. The court denied the motion.

Plaintiff then moved for summary judgment on his first claim. The court granted the motion as to liability, but otherwise denied it. After trial, the court found that, on February 21, 1984, plaintiff's physician released him for work as a carpenter, that on December 11, 1984, defendant offered plaintiff employment as a maintenance repair worker, which he accepted, and that in June, 1985, defendant reinstated plaintiff as a carpenter. The court also found that defendant

---

[2] In his second claim, plaintiff alleged that his physician had released him to work on a restricted basis on February 1, 1982, that he made a demand for suitable work on that date and that he provided defendant with a physician's certificate certifying his abilities. He alleged that defendant failed to reinstate him to suitable employment on February 15, 1982, and that defendant had suitable employment opportunities on and after February 1, 1982. In his first amended complaint, plaintiff revised his second claim for relief to allege that he was released to return to work on a restricted basis on April 1, 1983. The substance of the complaint—that defendant denied plaintiff suitable employment opportunities which it had available—remained the same. After trial, the court found that plaintiff's second claim for relief was time-barred. Plaintiff does not appeal that holding.

[3] ORS 30.275 provides:

"(1) No action arising from any act or omission of a public body or an officer, employe or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section.

"(2) Notice of claim shall be given * * *

"* * * * *

"(b) * * * within 180 days after the alleged loss of injury.

"* * * * *

"(5) Formal notice of claim shall be given by mail or personal delivery:

"(a) If the claim is against the state or an officer, employe or agent thereof, to the office of the Director of the Department of General Services.

"(b) If the claim is against a local public body or an officer, employe or agent thereof, to the public body at its principal administrative office, to any member of the governing body of the public body, or to an attorney designated by the governing body as its general counsel."

had available and suitable employment for plaintiff as a carpenter from March, 1984, to December, 1984. The court's award of back pay and credits covered the period of March, 1984, through May, 1985.

Defendant argues that the court erred when it denied its motion to dismiss, because plaintiff did not plead compliance with the requirements of ORS 30.275(1).[4] Defendant argues that plaintiff's claim is a "tort" within the Oregon Tort Claims Act and that he must plead that he gave notice as a condition precedent to recovery. Plaintiff responds that OTCA does not apply to actions brought under ORS 659.121. He asserts that the legislature specifically authorized claims against the state under ORS 659.121, which has separate procedures, enforcement and relief provisions. He contends that it would "wreak havoc" on that statutory scheme and other "narrowly tailored judicial and administrative scheme[s] that provide some form of relief against the state," if a claimant must comply also with the notice requirements of ORS 30.275. He also argues that regardless of the definition of "tort," his action arises in contract.

In *Urban Renewal Agency v. Lackey,* 275 Or 35, 549 P2d 657 (1976), the agency sued for rent; the defendant tenants counterclaimed for damages and alleged that the agency had breached a duty owed to them under a federal statute. The agency demurred on the ground that the defendants had not given it the statutory notice under ORS 30.275(1). The court held that, for the purposes of OTCA, the breach of a legal duty resulting in damages, other than duties created by contract, is a tort, "whether that duty [was] imposed by the common law

---

[4] ORS 30.275(6) provides for actual notice:

"(6) Actual notice of claim is any communication by which any individual to whom notice may be given as provided in subsection (5) of this section or any person responsible for administering claims on behalf of the public body acquire actual knowledge of the time, place and circumstances giving rise to the claim, where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employe or agent of the public body. A person responsible for administering claims on behalf of a public body is one who, as an officer, employe or agent of a public body or as an employe or agent of an insurance carrier insuring the public body for risks within the scope of ORS 30.260 to 30.300, engages in investigation, negotiation, adjustment or defense of claims within the scope of ORS 30.260 to 30.300, or in furnishing or accepting forms for claimants to provide claim information, or in supervising any of those activities."

or by statute." 275 Or at 38. Thereafter, the legislature amended the act to include a definition of "tort" that conforms to the court's holding in *Urban Renewal.*[5] ORS 30.260(8) (formerly a part of ORS 30.265(1)) states:

> " 'Tort' means the breach of a legal duty that is imposed by law, other than a duty arising from contract or quasi-contract, the breach of which results in injury to a specific person or persons for which the law provides a civil right of action for damages or for a protective remedy."

■ The definition of "tort" contained in ORS 30.260(8) applies to plaintiff's claim under ORS 659.121. The "duty" to reinstate plaintiff to available and suitable work under ORS 659.415 is a "legal duty" imposed by law, the breach of which allegedly resulted in injury to him, and for which ORS 659.121 provides a civil right of action for damages or equitable relief. Nothing prevents a plaintiff from giving notice under ORS 30.275 *and* filing an action under ORS 659.121. Plaintiff does not argue that he could not comply with the notice provisions of ORS 30.275 and also sue under ORS 659.121. Rather, he contends that we should construe ORS 30.275(1) so that he not be *required* to give notice. His argument is, in substance, that, although the OTCA notice provision may not conflict with ORS 659.121, other provisions of the act conflict with the overall scheme of the employment discrimination provisions of ORS chapter 659. In particular, plaintiff points out that he is required to file an action within one year under ORS 659.121, but ORS 30.275(8) allows a plaintiff two years within which to sue a state agency. We do not believe that simply because a different period of limitation might apply, an unlawful employment practice is not a "tort" under OTCA. *See Urban Renewal Agency v. Lackey, supra,* 275 Or at 38.[6]

Plaintiff also argues that his damages under ORS 659.121 are not "traditional" tort damages. ORS 30.260(8) refers to an action for "damages" or for a "protective remedy."

---

[5] *See Burt v. Blumenauer,* 84 Or App 144, 147 n 4, 733 P2d 462 (1987).

[6] In *Urban Renewal Agency v. Lackey, supra,* the court stated:

"[D]ifferent statutes of limitations also apply for various kinds of torts. In our opinion there is no reason to believe that the legislature, by providing a six-year statute of limitations for 'a liability created by statute,' intended to exclude such liabilities from the category of 'torts' for purposes of the Tort Claims Act." 275 Or at 38. (Footnote omitted.)

The damages sought are within the contemplation of ORS 30.260(8). Plaintiff has offered no persuasive reason why ORS 30.275 does not apply to his claim. Moreover, he does not allege that he was employed under an employment contract and that he was seeking reinstatement under it.

■ "Pleading and proof of notice sufficient to satisfy the requirements of ORS 30.275 are a mandatory requirement" under OTCA. *Beaver v. Pelett,* 299 Or 664, 671, 705 P2d 1149 (1985), *quoting Urban Renewal Agency v. Lackey, supra,* 275 Or at 40. Plaintiff had to plead that he gave a notice of claim as required by ORS 30.275.[7] The court, therefore, erred when it denied defendant's motion to dismiss.

■ Because of our disposition, we do not address defendant's remaining assignment of error, and we also affirm on the cross-appeal. Plaintiff is not entitled to attorney fees, because he has not prevailed and he has not received a judgment on which prejudgment interest could be based, even assuming that he would otherwise be entitled to it.

Reversed and remanded on appeal; affirmed on cross-appeal.

---

[7] Plaintiff also relies on *Clackamas Co. Fire Protection v. Bureau of Labor,* 50 Or App 337, 624 P2d 141, *rev den* 291 Or 9 (1981), for the proposition that OTCA does not apply to a claim under ORS chapter 659. That case does not so hold. Rather, it holds that in a case of employment discrimination the state cannot claim immunity from liability under ORS 30.265(3)(c), which applies to the performance or failure to perform a discretionary function or duty.