Argued May 22, reversed June 18, petition for rehearing denied
July 11, petition for review allowed September 18, 1973

DAUGHERTY, *Respondent, v.* OREGON STATE
HIGHWAY COMMISSION (No. 32-416),
*Appellant.*

511 P2d 408

*Ridgway K. Foley, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe and James F. Spiekerman, Portland.

*Mervin W. Brink,* Hillsboro, argued the cause for respondent. With him on the brief were Brink & Moore, Hillsboro.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

This is an appeal by defendant from a jury verdict and judgment for $50,000 in a wrongful death action (ORS 30.010-30.100). Decedent was killed when the vehicle she was driving skidded on an icy bridge and collided with a logging truck.

Plaintiff's second amended complaint alleged:

"That the death of Mary L. Daugherty resulted from the negligence of the defendant in one or more of the following particulars:

"1. In failing to inspect, care for and maintain Highway 47 and the bridge constituting a part thereof where it crossed Scoggin[s] Creek so as to discover and alleviate the slick and icy condition of the bridge.

"2. In failing to warn or advise the decedent of the hazard caused by the slick and icy condition of the bridge when defendant knew or should have known that said slick and icy condition existed."

The evidence produced by plaintiff showed that the bridge was icy at the time of the accident and that

the icy condition was the cause of the fatal accident. There were no warning signs that the bridge was, or might be, icy and therefore dangerous. An employe of defendant, Mr. Batdeen, foreman of the section involved, testified that in winter bridges were given the highest priority for sanding and maintenance because of defendant's awareness that bridge surfaces tend to freeze up before others. At the time of the accident witnesses observed no sand on the bridge.

The accident occurred at approximately 8:45 a.m. on December 3, 1969. A witness for defendant testified that he had driven across the bridge at approximately 8:25 a.m. and at that time the bridge was free of ice. Around 9 a.m. witnesses noticed that a freezing rain had begun to fall in the area. The state police officer first noticed the freezing rain on his way to the scene of the accident. Plaintiff first noticed the freezing rain around 9 a.m. at his place of employment two miles from defendant's Newberg shops. Mr. Batdeen first noticed the freezing rain around 9 a.m. at the Newberg shops. He testified that he had been listening to weather reports and had no prior knowledge that the freezing rain would occur. No evidence of weather bureau forecasts or reports and no evidence of actual temperatures were produced.

Defendant had two sand trucks operating on a 24-hour basis in this particular section as a precautionary measure. The bridge in question was sanded at 3:30 a.m. on the day in question as a precaution against early morning ice or frost. Immediately after the freezing rain began to fall the trucks were sanding the bridges in the section, which consisted of over 100 miles of roadway and many bridges.

Defendant's material assignment of error encom-

passes the trial court's refusal to sustain defendant's demurrer, refusal to grant an involuntary nonsuit, refusal to direct a verdict in defendant's favor, and refusal to grant a judgment notwithstanding the verdict or in the alternative a new trial. Defendant's principal reliance is upon two arguments:

(1). "The record, viewed most favorably to the plaintiff, reveals that defendant acted reasonably, not negligently, under the existing circumstances, and that reasonable men could not differ with this conclusion"; and

(2). "Assuming breach of an obligation owed by the defendant, the evidence demonstrates that the alleged and challenged acts and omissions involve a failure to perform a discretionary duty, conduct for which the state retains immunity."

These arguments are interrelated. What defendant claims to be discretionary functions for which the defendant has immunity should more properly be viewed as acts that should be construed as being reasonable in light of all of the responsibilities of defendant.

In *Smith v. Cooper,* 256 Or 485, 475 P2d 78, 45 ALR3d 857 (1970), the court discussed at length the concept of "discretionary duties" in reference to actions of the State Highway Commission. The case involved an action against members of the State Highway Commission and certain of its employes alleging negligent planning and designing of a highway junction in making a curve too sharp and not providing for sufficient warning signs and lighting. The court held the acts of planning and designing highways were discretionary acts for which defendants had immunity.

The rationale of the opinion seems to be that decisions in the planning or designing of highways

may involve factors other than pure safety considerations. Since this is so, it follows that the decision to forego maximum safety in favor of other considerations such as costs or scenic beauty does not amount to unreasonable acts for which the planners and designers should be held liable by the courts. Whether these decisions are termed "reasonable" or "discretionary" the result is the same: no liability.

ORS 30.265 is part of Oregon's tort claims against public bodies Act, which became effective subsequent to the accident which gave rise to *Smith v. Cooper,* supra, (Oregon Laws 1967, ch 627). It provides:

> "(1) Subject to the limitations of ORS 30.260 to 30.300, every public body is liable for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function.
>
> "(2) Every public body is immune from liability for:
>
> "* * * * * *
>
> "(d) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.
>
> "* * * * * *."

In the case at bar, plaintiff alleges negligence in maintaining the bridge by failing either to alleviate the icy condition or to warn motorists, when defendant knew or should have known that the bridge was icy and dangerous. In an action for negligence the state is held to the duty of care of the reasonable man standard. *Giaconi v. City of Astoria,* 60 Or 12, 113 P 855, 118 P 180, 37 LRA (ns) 1150 (1911). Plaintiff to succeed in his action must prove that defendant (1) knew

or should have known that the bridge was icy and (2) failed to take reasonable measures to alleviate the condition or to warn decedent. Here plaintiff's evidence was insufficient on both counts.

Plaintiff did not produce any evidence that defendant was aware that there was ice on the bridge prior to the accident. Plaintiff also failed to produce evidence that defendant knew or should have known that a freezing rain was going to fall and cause such an icy condition. The only evidence produced along these lines showed that the ice was there and that Mr. Batdeen was not aware of any forecast for freezing rain.

■ Plaintiff did produce evidence that defendant knew that bridges are inherently dangerous in wintertime because their surfaces freeze more easily than those on adjacent roadways. This is not evidence, however, that it is reasonable to erect heated bridges in such places, or to route highways so bridges will not be necessary there. The decision to build a bridge of a reasonable design under the circumstances is part of the "discretionary" function for which *Smith v. Cooper*, supra, and ORS 30.265 (2) (d) provide that defendants have immunity. It may be questioned whether the pleading raises the issue; however, the decision not to use permanent signs like WARNING: BRIDGE SURFACE MAY FREEZE BEFORE ROAD SURFACE was in any event a discretionary act.

■ Plaintiff also failed to produce evidence that defendant was not acting reasonably in dispatching the two trucks to begin immediate sanding operations on all bridges in the 100-mile section of roadway. Evidence was produced that temporary ICE warning

signs were available for placement at critical places, but there was no evidence that defendant could reasonably be charged with negligence in not getting one placed in time available on the Scoggins Creek Bridge. There was no evidence that defendant had other equipment available that negligently was not put to use, or that the defendant's decision to use only two trucks instead of assigning a truck to every bridge in the section, or something in between the two choices, was unreasonable, given the resources and responsibilities of defendant. Failure to have a sand truck stationed at every bridge in an area of the state where freezes occur only intermittently cannot be assumed to be negligence absent evidence that defendant was actually aware that a truck was needed at that specific bridge at that specific time. We conclude that the motion for a directed verdict for the defendant should have been granted. This conclusion obviates need to discuss other assignments of error.

Reversed.