Argued October 3, affirmed October 29, 1973

# JOHN LEONARD SULLIVAN, *Appellant, v.*
## STATE OF OREGON (No. 377-546),
### *Respondent.*
515 P2d 193

150

*Edwin A. York,* Portland, argued the cause for appellant. On the brief was Charles Paulson, Portland.

*Edward H. Warren,* Portland, argued the cause for respondent. With him on the brief were Hershiser, Mitchell & Warren, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

This is a tort action for general damages allegedly resulting from an illegal detention and false imprisonment of the plaintiff in the Oregon State Penitentiary. The plaintiff tried his case to a jury but, upon a motion at the close of the defendant's case, the court directed a verdict in favor of the state on the basis of immunity under the Oregon Tort Claims Act, ORS 30.260 et seq.

The facts here are not in dispute. On March 9, 1962, the plaintiff began serving a 15-year sentence in the Oregon State Penitentiary; he remained there until his release on July 13, 1971. During most of the time that the plaintiff was in prison he worked either in the prison industries or in prison operation and maintenance. His monthly work reports indicated that his work was always rated good, very good or excellent.

Reduction in sentence is provided to inmates by the provisions of ORS 421.120:

"(1) Each inmate now or hereafter confined, in execution of the judgment of sentence upon any conviction, in the penal or correctional institution, for any term other than life, and whose record of conduct shows that he faithfully has observed the rules of the institution, and where industry and

general reformation are certified to the Governor by the superintendent of the penitentiary or correctional institution, shall be entitled, upon the order of the Governor, to a deduction from the term of his sentence to be computed as follows:

"* * * * *

"(b) From the term of a sentence of more than one year, one day shall be deducted for every two days of such sentence actually served in the penal or correctional institution.

"(c) From the term of any sentence, one day shall be deducted for every 15 days of work actually performed in prison industry, or in meritorious work in connection with prison maintenance and operation, during the first year of prison employment, and one day shall be deducted for every seven days of such work actually performed after the first year to and including the fifth year of prison employment, and one day for every six days of such work actually performed after the fifth year of prison employment.

"* * * * *

"(f) In this subsection, 'prison employment' includes actual work in prison industry, meritorious work in connection with prison maintenance and operation, actual work in agriculture and actual work at work camp."

Under the provisions of ORS 421.120 (1) (b), plaintiff received an automatic credit of 1,826 days for the statutory deduction. In addition, he was credited with an automatic 219 days' good time for his work in prison industries and 20 days' meritorious good time for his work in prison operation and maintenance. However, plaintiff also worked in prison maintenance and operation for four years, two months and nine days for which he was not awarded any meritorious good time. Had he been awarded this good time, he would have received 208 days' additional credit. Plaintiff contends

that; since he received only good, very good and excellent ratings on his work reports during this period, he was automatically entitled to the 208 days' credit, and that no discretion was involved.

■ ORS 30.265 (2) (d) provides that every public body is immune from:

"Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

Where there is room for policy judgment and decision there is discretion. *Smith v. Cooper,* 256 Or 485, 502, 506, 475 P2d 78, 45 ALR3d 857 (1970). Whether an inmate's work is "meritorious" is a question of judgment of the prison officials and, as such, becomes a discretionary decision.[1]

The mere rating of the work of an inmate on his monthly report as good, very good or excellent does not constitute an exercise of this discretion. The monthly work reports contain a block to be checked by the immediate supervisor recommending the award of meritorious good time; no such recommendation was made for the plaintiff during the contested work period.

---

[1] The statutory scheme taken as a whole clearly demonstrates a legislative intent that the actual award of credit for service be discretionary as distinguished from automatic. Even if plaintiff's supervisor had recommended that he be given the 208 days in question on the basis that his work was "meritorious," it was the superintendent's duty to certify it to the Governor only if he found that there had been "general reformation" of the plaintiff. ORS 421,120 (1). Parenthetically we note that if plaintiff "reformed," his reformation was short-lived. During a brief period of liberty he committed crimes which resulted in his receiving three consecutive 20-year prison sentences which he is now serving. *See,* State v. Sullivan, 13 Or App 641, 510 P2d 1350,. Sup Ct *review denied* (1973).

■ The record does not disclose what definitions prison officials gave the words "good," "very good," "excellent" and "meritorious," which served to distinguish the first three from the statutory word "meritorious." If a case such as this should arise in the future the prison authorities would be well advised to disclose the distinction, if such there be,[2] as a part of the record, particularly if there is a claim of unconstitutional application of the statute. No such contention, however, is made here and, as pointed out above, under the provisions of ORS 30.265 (2) (d), even if the prison officials abused their discretion this does not of itself remove the state's immunity from tort liability.[3]

Affirmed.

---

[2] The testimony of a prison official indicates that there are in existence guidelines which may make such a distinction, but these guidelines, if in fact they exist, are not a part of the record.

[3] Not raised here was the question of whether a claim for false imprisonment would lie in any event in view of the fact that during the period involved defendant was in prison pursuant to a valid judgment.