Argued January 20, reversed and remanded with instructions March 8,
reconsideration denied April 14, petition for review
denied May 11, 1976

JOHNSON, *Appellant, Cross-Respondent,*

*v.*

SMITH, *Defendant,*

STATE OF OREGON, *Respondent, Cross-Appellant.*

(No. 72-1483-L, CA 4485)

546 P2d 1087

*Raymond J. Conboy,* Portland, argued the cause for appellant cross-respondent. With him on the briefs were Brian L. Welch and Pozzi, Wilson & Atchison, Portland.

*Hugh B. Collins,* Medford, argued the cause for respondent cross-appellant. With him on the briefs were Collins, Ferris & Velure, Medford.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

**FOLEY, J.**

This suit was instituted by plaintiff, Shirley Johnson, for injuries sustained when defendant Smith drove his automobile into the rear end of plaintiff's automobile after plaintiff had stopped her automobile at the flooded portion of a highway maintained by defendant state of Oregon. Plaintiff alleged that the collision was partially caused by the state's failure to properly maintain a culvert under the highway or to warn drivers of the flooded condition of the highway. The claim against defendant Smith was settled during the course of the trial and the case proceeded to verdict against the state in the sum of approximately $20,000. After trial, the court granted the state's motion for a judgment notwithstanding the verdict, from which judgment plaintiff appeals. The state cross-appeals from the trial court's refusal to grant its motion for a directed verdict at the close of trial.[1]

The central issue on appeal arises from plaintiff's failure to produce evidence at trial in support of her allegation that proper notice of plaintiff's claim had been given to the state as required by provisions of the Oregon Tort Claims Act, ORS 30.260 et seq.[2] Although plaintiff pleaded compliance with the notice requirements of that Act, it was not until after the state moved for judgment n.o.v. that plaintiff attempted to prove, by affidavit, that proper notice had, in fact, been given. Plaintiff's contention on appeal is that the

---

[1] We have concluded that the state's contentions on cross-appeal do not warrant discussion.

[2] Notice provisions are found in ORS 30.275(1), which provides:

"Every person who claims damages from a public body for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. Claims against the State of Oregon shall be presented to the state agency against whom the claim is made or to the Attorney General. Claims against any other public body shall be presented to a person upon whom process could be served in accordance with subsection (2) of ORS 15.080. Failure to state the amount of compensation or other relief demanded does not invalidate the notice."

state's motion for judgment n.o.v. was improperly granted because the state did not make a record during the trial sufficient to bring the issue of plaintiff's failure to prove notice to the trial court's attention as required to obtain a judgment n.o.v. We agree and remand with instructions to enter judgment upon the verdict for plaintiff against the state.

The statutory basis for granting a party's motion for judgment notwithstanding the verdict is ORS 18.140 which, in pertinent part, provides:

"(1) When it appears from the pleadings that the court has not jurisdiction of the subject of the action or the person of the defendant, or that the facts stated in the pleadings of the plaintiff or defendant, as the case may be, do not constitute a cause of action or defense thereto, *or when a motion for a directed verdict which should have been granted has been refused and a verdict is rendered against the applicant,* the court may, on motion, render a judgment notwithstanding the verdict, or set aside any judgment which may have been entered and render another judgment, as the case may require." (Emphasis supplied.)

Here, the state moved for judgment n.o.v. on the ground that its motion for a directed verdict was improperly refused resulting in a verdict against it.

It is well established, however, that ORS 18.140(1) does not authorize the granting of the motion for judgment n.o.v. upon grounds not previously asserted in a manner which specifically brings the issue to the trial court's attention by a motion for a directed verdict. *Sellers v. Looper,* 264 Or 13, 503 P2d 692 (1972); *Vancil v. Poulson,* 236 Or 314, 388 P2d 444 (1964). If a party fails to specifically raise a particular issue, it will not be heard on appeal to assert a new ground for its motion for a directed verdict. *Sellers v. Looper,* supra; *see also Smith v. J. C. Penney Co.,* 269 Or 643, 525 P2d 1299 (1974); *Paul v. McCudden,* 256 Or 143, 471 P2d 437 (1970).

In the case at bar, the only portions of the state's

motion for a directed verdict relevant to plaintiff's failure to prove notice are the following:

> "* * * [T]here has not been evidence sufficient to prove a cause of action against the State of Oregon [enumeration of issues not including proof of notice] * * * [T]he State of Oregon does not, under the circumstances disclosed by the pleadings and evidence in this case, consent to be sued."

The trial court responded to the state's motion in the following manner:

> "THE COURT: I think that is basically the same motion that you made this morning [motion for judgment of involuntary nonsuit]. I will deny the motions. Do you have any other motions that you want to make at this time?"

■ It is clear from the trial judge's response to the state's motion for a directed verdict and from the following statements from his memorandum opinion accompanying his order granting the state's motion for judgment n.o.v. that the state did not bring the issue of proof of notice to the court's attention.

> "* * * * *
>
> "* * * Defendant State did, during the course of the trial, move for a directed verdict as well as a nonsuit on the basis that there was a failure of proof; however, counsel for the State did not point out specifically where the proof failed. I am sure that this was calculated by defense counsel so he would not draw attention to plaintiff of his failure to prove the required notice.
>
> "* * * * *."

Since the state's ambiguous reference to the notice requirements of the Oregon Tort Claims Act did not apprise the trial court of plaintiff's failure to prove notice, it follows that the trial court incorrectly granted the state's motion for judgment notwithstanding the verdict.

■■ We also conclude that the trial court erred in determining that *proof* of notice is a jurisdictional requirement which cannot be waived by the state. It is not

proof of notice which confers jurisdiction upon a court to consider a claim against the state under the Oregon Tort Claims Act. ORS 30.260 et seq. It is the allegation in the complaint that notice has been afforded the state pursuant to the requirements of that Act which confers jurisdiction on the court. We have held only that the pleading of notice in a proper fashion is a jurisdictional prerequisite to bringing a claim against the state. *See, e.g., Fry v. Willamalane Park & Rec. Dist.,* 4 Or App 575, 481 P2d 648 (1971). Proof of notice, like proof of any other element of a cause of action, is merely a condition precedent to recovery and is not jurisdictional in nature.

■ Since proof of notice is merely an element of plaintiff's cause of action which the plaintiff must prove, it would have been possible for the state to stipulate that notice was given or by its conduct otherwise obviate plaintiff's burden of proving notice. Here, by failing to raise proof of notice as an issue in its motion for a directed verdict, the state, by moving for judgment n.o.v., waived its right to demand that plaintiff prove that notice was actually given. *Vancil v. Poulson,* supra. Indeed, the facts in this case closely approximate *Poulson* where the defendant was held to have waived the statutory obligation of plaintiff to prove his claim by evidence other than his own testimony. There, as here, the defendant's motion for a directed verdict did not call the trial court's attention to the plaintiff's failure of proof.

The state's reliance on *Rohde v. State Industrial Acc. Com.,* 108 Or 426, 217 P 627 (1923), for the proposition that the state may not waive proof of notice is misplaced. That case held that a state agency could not waive the requirement of a *filing* of a proper application for workmen's compensation benefits as required by statute; it did not involve any question relating to the state's capacity to waive proof of notice. We find no authority nor are we cognizant of any sound reasoning in support of a distinction which would not permit the

state to waive proof of notice or proof of any other fact essential to its opponent's cause, as any other litigant can do.

Reversed and remanded with instructions.