*[1265]
 
 JOHNSON, J.
 

 Plaintiff, a minor, brought this personal injury action under the Oregon Tort Claims Act, ORS 30.260 et seq, against Washington County and its agents Catherine Palmer, a juvenile court caseworker, and Mr. and Mrs. Burlie Brunson, shelter care parents, alleging negligence. The complaint alleged the following facts. Plaintiff was initially found within the jurisdiction of the Washington County Juvenile Court as a runaway. At the time of her preliminary hearing, plaintiff was in a weakened condition suffering from the influence of drugs. The court ordered that plaintiff be held in detention under Palmer’s supervision until her condition improved and that she then be released to the Brunsons for shelter care. One of the conditions of her release to shelter care was that plaintiff be under "house arrest” in the Brunson home. Plaintiff was subsequently released to the Brunsons’ custody. The Brunsons then allowed plaintiff to leave the home unattended to go horseback riding. Plaintiff rented a horse, was unable to control it, and was consequently involved in an accident causing injury.
 

 The trial court sustained the defendants’ demurrers to the complaint. Plaintiff failed to plead over, and appeals the consequent dismissal of the complaint.
 
 [1]
 
 The principal issues are whether plaintiff gave timely notice of her claim under ORS 30.275, and whether the defendants are immune from liability.
 

 NOTICE
 

 ORS 30.275(1) provides:
 

 "(1) Every person who claims damages from a public body for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation
 
 *[1266]
 
 or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent acting within the scope of his employment or duties shall be presented to the Attorney General. Claims against any other public body shall be presented to a person upon whom process could be served in accordance with subsection (3) of ORS 15.080. * * *”
 

 ORS 30.275(3) further provides:
 

 "(3) No action shall be maintained unless such notice has been given and unless the action is commenced within two years after the date of such accident or occurrence.
 
 The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity.”
 
 (Emphasis supplied.)
 

 Pleading notice sufficient to satisfy the requirements of ORS 30.275 is a jurisdictional requirement for a court to hear a claim under the Tort Claims Act.
 
 Urban Renewal Agency v. Lackey,
 
 275 Or 35, 40, 549 P2d 657 (1976);
 
 Johnson v. Smith,
 
 24 Or App 621, 625-26, 546 P2d 1087,
 
 rev den
 
 (1976). Proof that notice sufficient under the statute was actually given is an element of plaintiffs cause of action under the Act.
 
 Johnson v. Smith, supra.
 
 If the required notice is pled in the complaint, the sufficiency of the notice may be tested by demurrer to the complaint.
 
 Baker v. State Bd. of Higher Ed.,
 
 20 Or App 277, 281-82, n 1, 531 P2d 716,
 
 rev den
 
 (1975).
 

 Plaintiff alleged in her complaint,
 
 inter alia:
 
 (1) that she is a minor; (2) that on or about October 19, 1974, she suffered the personal injuries for which she seeks damages; and (3) that on or about June 11,1975, she "filed a timely written notice stating the time, place and circumstances of these injuries with the clerk of the Washington County Board of Commissioners * * It thus appears on the face of the complaint that plaintiff filed her notice 235 days after the alleged injury. Such notice was untimely unless it qualifies for the 90-day extension allowed in ORS 30.275(3).
 

 
 *[1267]
 
 Defendants argue that the statute requires that there be a causal connection between the inability to file and plaintiffs minority status, and plaintiff did not allege any causal connection. Plaintiff maintains that she was entitled to the additional 90 days in which to file by virtue of her minority status alone. While the language of ORS 30.275(3) may be susceptible to either interpretation suggested by the parties, we conclude that the legislature did not intend that there be a causal connection between the delay and minority status. Proving a causal connection would be difficult, if not impossible, and would protract litigation on a peripheral issue. Notice by a minor is sufficient if filed within 270 days (180 plus 90).
 

 IMMUNITY
 

 Plaintiff alleged that defendant Palmer, the caseworker, while acting in the scope of her employment by Washington County, and defendants Brunson, the shelter care parents, while acting in the scope of their authority as agents for the county, were negligent. Persons acting as agents of a governmental body are immune under the common law from tort liability for conduct involving a discretionary act or function.
 
 Smith v.
 
 Cooper, 256 Or 485, 475 P2d 78 (1969). Likewise, the county as a public body is immune from liability for "any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.” ORS 30.265(2)(d). The scope of a public employe’s or agent’s common law immunity and the immunity afforded to a governmental body by statute are one and the same.
 
 [2]
 
 The issue is thus
 
 *[1268]
 
 whether the allegations of negligence in the complaint involve discretionary acts or functions.
 

 The allegations in plaintiffs complaint allege negligence by defendants Palmer and the Brunsons in failing to adequately supervise plaintiffs custody and care. In
 
 Jones v. Chehalem Park and Rec. District,
 
 28 Or App 711, 560 P2d 686 (1977), we reviewed the policy considerations which must be taken into account in determining whether particular conduct falls on the immunity or liability side of the "continuum of discretion.” Two of these considerations are the importance of the government function involved, and the extent to which governmental liability might impair the exercise of that function. These two considerations are significant here. The government, acting through the juvenile court and its attendant agencies and employes, undertakes to protect the welfare of children by placing them in wardship, thus supplanting the role of the natural parents when they are unable or unwilling to care for the children themselves. A more important or altruistic government function is difficult to imagine. The agents which the government employs to carry out this function are the juvenile court caseworker and foster or shelter care parents. In performing that function, the caseworker and shelter care parents are continually called upon to make delicate and complex judgments. Often these judgments involve the weighing of risks. A too restrictive policy toward a particular child may stifle that child’s development. On the other hand, liberality may endanger the safety of the child and others. Decisions of this nature rank high on the continuum of discretion and should not be subject to hindsight scrutiny by courts and juries.
 

 In
 
 Jarrett v. Wills,
 
 235 Or 51, 383 P2d 995 (1963), the court held that the superintendent of Fairview Hospital and Training Center was immune from liability for releasing an inmate who subsequently injured another. The court reasoned:
 
 *[1269]
 
 "* * * he is required, as the State’s keeper of these unfortunates and in behalf of the state, to judge and govern human beings and human conduct; a judgment devoid of any of the standard weights and measures available for decisions made by other public officials. There would be few of his decisions that would not be discretionary. And it is certain as human existence that he will make mistakes. Because of this it is unthinkable that he should be, individually, or that the state because of him, should be held liable for a mistake not dictated by an unlawful purpose. And this would be so whether his conduct is measured by a rule based upon 'discretionary conduct’ or upon public policy. * * *” 235 Or at 56.
 

 The same reasoning applies to the juvenile court caseworker and to the shelter care parents. Defendants Palmer and the Brunsons are generally immune from liability for acts and omissions relating to the supervision, care and custody of a ward.
 
 [3]
 
 The county is likewise immune from liability arising out of their actions as its agents by virtue of ORS 30.265(2)(a)
 
 [4]
 
 .
 

 Plaintiff contends that even though a caseworker or shelter care parents may generally have discretionary immunity, the alleged court order imposed upon defendants Palmer and the Brunsons a duty to perform a ministerial function. Conceivably, under the circumstances alleged,
 
 [5]
 
 defendant Palmer may have
 
 *[1270]
 
 been under a duty to advise the Brunsons of the court order, and such duty did not require any exercise of judgment but was merely ministerial. The complaint, however, does not allege either a duty with respect to the court order or a violation thereof. It merely alleges that Palmer had a duty "of care and supervision over plaintiff,” that Palmer was negligent in prematurely releasing plaintiff to the Brunsons, and "in failing to adequately inform defendants Brunsons of * * * the need for * * * continued detention.”
 
 [6]
 

 On appeal of a trial court order sustaining a demurrer, the pleadings must be construed most strongly against the plaintiff.
 
 Smith v. Cooper, supra; Harding v. Bell,
 
 265 Or 202, 209, 508 P2d 216 (1973). Allegations of fact will not be considered unless expressed in plain and concise language.
 
 Baker Hotel v. Employees Local 161,
 
 187 Or 58, 64, 207 P2d 1129 (1949). Plaintiff is presumed to have stated her case as strongly as the facts will justify, and facts not alleged will be presumed not to exist.
 
 Windle, Adm’x et al v. Flinn et al,
 
 196 Or 654, 662, 251 P2d 136 (1952). Plaintiff, here, asks that we infer from the phrase "continued detention” a reference to the alleged court
 
 *[1271]
 
 order. We decline to do so. We cannot draw any inferences from an ambigous phrase of this nature.
 

 With respect to defendants Branson, plaintiffs only allegations are that they "agreed to care for and detain Plaintiff for a further hearing,” and that they violated the court order.
 
 [7]
 
 The allegation is not only ambiguous, but fails to make any claim that the Brunsons had knowledge of the court order. In the absence of such knowledge, the Brunsons had no duty to comply with the order.
 

 The demurrers were properly sustained.
 

 Affirmed.
 

 [1]
 

 The complaint also named Ruby E. Van Domlin as a defendant. It alleged that Van Domlin negligently rented a horse to plaintiff. Plaintiff obtained a judgment of voluntary nonsuit as to Van Domlin.
 

 [2]
 

 Although there are no cases holding that the two immunities are the same, it is clear that they have been treated as such.
 
 See Weaver v. Lane County,
 
 10 Or App 281, 499 P2d 1351 (1972);
 
 Daugherty v. Highway Commission,
 
 13 Or App 589, 511 P2d 408,
 
 aff’d 270
 
 Or 144, 526 P2d 1005 (1974);
 
 Sullivan v. State,
 
 15 Or App 149, 515 P2d 193 (1973);
 
 Lanning v. State Highway Commission,
 
 15 Or App 310, 515 P2d 1355 (1973);
 
 Baker v. State Bd. of Higher Ed.,
 
 20 Or App 277, 531 P2d 716,
 
 rev den
 
 (1975);
 
 Jones v. Chehalem Park and Rec. District,
 
 28 Or App 711, 560 P2d 686 (1977).
 

 [3]
 

 Defendants Brunson also demurred to plaintiffs complaint on the ground that they were immune from liability because they stood
 
 in loco parentis
 
 to plaintiff.
 
 See
 
 cases cited in annotations in 19 ALR2d 423 (1951) and 41 ALR3d 904 (1972). We do not reach the question of family immunity for persons standing
 
 in loco parentis
 
 because we find that the defendants are immune from discretionary acts.
 

 [4]
 

 ORS 30.265(2)(a) provides:
 

 "(2) Every public body is immune from liability for:
 

 "(a) Any claim for injury to or death of any person or injury to property resulting from an act or omission of an officer, employe or agent of a public body when such officer, employe or agent is immune from liability.”
 

 [5]
 

 Paragraph VI of plaintiffs complaint alleges:
 

 "A preliminary hearing was held, pursuant to which Plaintiff was ordered held in detention. Defendant Catherine Palmer, Plaintiffs case worker, suggested to the Court, and the Court so ordered, that
 
 *[1270]
 
 Plaintiff be released to shelter care with Defendants Brunsons as shelter care parents when Plaintiff was no longer under the influence of the various drugs. One of the Court’s conditions for release to shelter care was that Plaintiff be under house arrest; that is, that Plaintiff not be allowed to leave the home unless accompanied by one of the shelter care parents.”
 

 [6]
 

 Paragraph IX of plaintiffs complaint alleges:
 

 “Defendant Catherine Palmer, as Plaintiffs case worker, had a duty of care and supervision over Plaintiff. Defendant Palmer failed to provide proper care to Plaintiff, and Plaintiffs injuries were proximately caused by Defendant Palmer’s negligence in one or more of the following particulars:
 

 "A. In allowing Defendants Bransons to remove Plaintiff from detention without making sure that Plaintiff had recovered from the condition caused by the drugs and lack of food;
 

 "B. In failing to adequately inform defendants Bransons of Plaintiffs condition, and the need for close and complete supervision and continued detention.”
 

 [7]
 

 Paragraph X of Plaintiffs complaint alleges:
 

 "Defendants Brunsons accepted the responsibility placed upon them by defendant Washington County to act as shelter care parents and thereby agreed to care for and detain plaintiff for a further hearing. Defendants Brunsons failed to perform those duties and Plaintiffs injuries were proximately caused by defendants Brunsons’ negligence in the following particulars:
 

 "A. In removing Plaintiff from Juvenile Hall detention while still affected by the drugs and lack of food, in violation of the Court Order;
 

 "B. In allowing Plaintiff to leave their home in disregard of the house arrest condition of shelter care and in violation of the Court Order;
 

 "C. In allowing Plaintiff to go horseback riding without their supervision;
 

 "D. In failing to make any attempt to determine whether Plaintiff had any experience of knowledge of horses.”