Argued November 21, 1977, affirmed February 13, reconsideration denied
March 29, petition for review denied June 20, 1978

YUNKER, *Appellant,*
*v.*
MATHEWS, *Defendant,*
MULTNOMAH COUNTY et al, *Respondents.*
(No. 417324, CA 7662)
574 P2d 696

Darrell E. Bewley, Portland, argued the cause for appellant. With him on the brief was Niedermeyer & Bewley, Portland.

Thomas A. Gordon, Portland, argued the cause for respondent Multnomah County. With him on the brief was Bullivant, Wright, Leedy, Johnson, Pendergrass and Hoffman, Portland.

No appearance for respondent Jerry Baumgartner.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

Plaintiff instituted this cause against defendant Mathews for payment of a promissory note in the amount of $5,000 and for foreclosure of his security interest in an automobile formerly owned by defendant Mathews. He also sought an order directing defendants Baumgartner and Multnomah County to deliver the subject vehicle to plaintiff, or if they were unable to deliver the vehicle, a judgment against Baumgartner and the county for $5,000 plus interest. The trial court entered a judgment in favor of plaintiff against Mathews for $5,000 plus interest, but against plaintiff with respect to Baumgartner and the county. Plaintiff appeals the latter judgment.

The Multnomah County District Attorney seized the vehicle in June 1974 and held it in custodia legis pursuant to a criminal proceeding. Plaintiff's security interest attached on December 3, 1974. Plaintiff notified county counsel by letter dated May 29, 1975 of his security interest and filed his initial complaint on June 13, 1975, seeking foreclosure against the county and Mathews. The district attorney released the vehicle from custodia legis to the county sheriff on August 22, 1975. On September 9, 1975, the county sold the vehicle to Baumgartner pursuant to writ of execution by a judgment creditor of Mathews. We concur with the trial court that Baumgartner purchased the vehicle free and clear of plaintiff's security interest since the security interest was not perfected at that time and Baumgartner had no knowledge thereof.

Although plaintiff attempts to characterize his claim for damages against the county as a contract action, it was in fact a tort action for conversion, i.e. for unlawfully depriving plaintiff of his property interest in the vehicle. The trial court concluded that the action was barred by ORS 30.275(1)[1] because the

---

[1] ORS 30.275 (1) provided prior to amendment:

"(1) Every person who claims damages from a public body for or on account of any loss or injury within the scope of ORS 30.260 to 30.300

first notice to the county of the damage claim did not occur until plaintiff filed his second amended complaint on April 9, 1976, more than 180 days after the sale. We agree with the trial court that the letter to county counsel and plaintiff's initial complaint did not constitute a notice of a tort claim under ORS 30.275(1) because at that time the county had legal possession of the vehicle. However, the trial court overlooked the fact that plaintiff filed an amended complaint on November 26, 1975, 78 days following the judicial sale to Baumgartner.[2] The amended complaint described the plaintiff's security interest in the vehicle and further alleged:

> "That the defendant Multnomah County since the filing and service of the complaint and summons herein and on or about September 9, 1975 wrongfully delivered the aforedescribed vehicle to the defendant Jerry Baumgartner and the said Jerry Baumgartner is now in the possession thereof."

We hold that this was sufficient notice under ORS 30.275(1) which provided prior to amendment in pertinent part:

> "(1) Every person who claims damages from a public body * * * shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof,

---

shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent acting within the scope of his employment or duties shall be presented to the Attorney General. Claims against any other public body shall be presented to a person upon whom process could be served in accordance with subsection (3) of ORS 15.080. Failure to state the amount of compensation or other relief demanded does not invalidate the notice."

[2] The trial judge's error is understandable in view of the fact that plaintiff at no time argued that the amended complaint was notice. On appeal, plaintiff's contention was that the letter to county counsel was sufficient notice.

and the amount of compensation or other relief demanded. * * * Failure to state the amount of compensation or other relief demanded does not invalidate the notice."

The amended complaint alleges "the time, place and circumstances" of the alleged conversion. The prayer for relief is for return of the vehicle and there is no allegation of damages. ORS 30.275(1) expressly provides that "failure to state the amount of compensation or other relief demanded does not invalidate the notice." The county argues that, in spite of this provision, the notice must indicate that a claim for damages is being asserted. We disagree. In *Urban Renewal Agency v. Lackey,* 275 Or 35, 549 P2d 657 (1976) the court stated that substantial compliance with the statutory notice requirements is sufficient to satisfy ORS 30.275(1). In that case, the court held that a counterclaim to a suit by a governmental body containing the requisite information was sufficient notice. There is some suggestion in the Supreme Court's opinion that under other circumstances there might be a requirement of written notice filed separately from the complaint in order to encourage out of court settlements. However, the court pointed out that the purpose of the notice requirement is to enable public bodies to make timely investigation. That purpose is served whether the notice is given in a separate writing or in a complaint. ORS 30.275(1) merely requires that the notice be in writing. It is difficult to see how separate notice will encourage out of court settlements. A claimant could submit his notice and a moment later file a complaint. The filing of a complaint does not deter settlement of claims. We see no reason for judicially engrafting upon the written notice requirements of ORS 30.275(1) an additional requirement that the notice be submitted separately from the complaint.[3] The amended com-

---

[3]The legislature amended ORS 30.275 (1) in 1977 as follows:

" (1) Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the

plaint was sufficient notice because it set forth the time, place and circumstances and advised the county that plaintiff was seeking legal redress against it for the alleged tortious act. The county was adequately advised that there was a potential claim for damages.

■ A corollary issue, however, is whether plaintiff was required to plead the notice. In *Johnson v. Smith*, 24 Or App 621, 625-26, 546 P2d 1087, *rev den* (1976), we held that pleading timely notice of the claim is jurisdictional under the Tort Claims Act. There is no allegation of timely notice in the complaint here. In

scope of his employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, **the name of the claimant and his representative or attorney, if any,** and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent [*acting within the scope of his employment or duties*] shall be presented to the Attorney General. Claims against any [*other*] **local** public body **or an officer, employe or agent thereof** shall be presented to a person upon whom process could be served **upon the public body** in accordance with subsection (3) of ORS 15.080. **Notice of claim shall be served upon the Attorney General or local public body's representative for service of process either personally or by certified mail, return receipt requested.** [*Failure to state the amount of compensation or other relief demanded does not invalidate the notice.*] **A notice of claim which does not contain the information required by this subsection, or which is presented in any other manner than herein provided, is invalid, except that failure to state the amount of compensation or other relief demanded does not invalidate the notice."** Oregon Laws 1977, ch 823.

The only legislative history is the minutes of the House Judiciary Committee. Minutes, House Committee on Judiciary, April 14, 1977, p. 9; May 24, 1977, pp. 4-5. There is no indication in that history or in the amended language that would change the result in this case. The legislative concern was over what some saw as "a tendency by the court to relax the notice of claim requirement * * * becoming the effect of the law that if you give a handwritten notice scrawled on the back of an envelope to a janitor at city hall at 3 a.m. you have effectively tendered a claim." Minutes, House Committee on Judiciary, April 14, 1977, p. 9. There is nothing in the legislative history indicating an intent to require written notice separate from the complaint. The purpose of the amendment was to require that the notice state the time, place and circumstances of the alleged tort, and that it be served upon the person designated and in the manner designated. Here, these requirements were met.

*Urban Renewal Agency v. Lackey, supra,* the court held that the jurisdictional requirements of notice were satisfied by a counterclaim that was filed within 180 days of the alleged tort. We hold that where the complaint is filed within the 180 days, it is unnecessary and superfluous to plead notice, inasmuch as the complaint on its face satisfies the notice requirement.

On the merits, there was no liability in the county for the sale of the vehicle. The lien of Mathews' judgment creditor attached before plaintiff's security interest was perfected.[4] Once the judgment creditor's writ of attachment issued, the county was under a duty to execute the writ and sell the vehicle. ORS 29.170. The judgment creditor stands in the position of purchaser in good faith of the attached vehicle. ORS 29.150. He had no notice of plaintiff's security interest prior to issuance of his writ. The county was under no legal duty to inform the judgment creditor of plaintiff's interest or to perfect that interest. Thus, there was no conversion because plaintiff's security interest in the vehicle was inferior to the judgment creditor's lien. We do not need to reach the issue of whether the county would be liable to plaintiff for any proceeds from the sale in excess of the judgment creditor's lien. The record here indicates that there was no excess.

Affirmed.

**THORNTON, J.,** specially concurring.

While I agree that plaintiff cannot prevail against the county or Baumgartner, I disagree with part of the rationale of the majority opinion.

My chief objection is that I do not believe that plaintiff's claim is subject to the provisions of the Oregon Tort Claims Act. A suit to foreclose a security interest in a motor vehicle is not a tort action contemplated by the Act, and therefore does not come within

---

[4]Plaintiff's security interest was not perfected until April 1976, several months after the judicial sale.

its notice requirement. The fact that the vehicle was held by a county officer, namely, the sheriff, under color of law, would not in my view have the effect of imposing upon the security interest holder a requirement of complying with that Act before bringing his foreclosure suit.

The central purpose of the Tort Claims Act in waiving governmental immunity was to give an aggrieved citizen a remedy against a governmental body which was not theretofore available to him. *See Feres v. United States,* 340 US 135, 71 S Ct 153, 95 L Ed 152 (1950); Lansing, *The King Can Do Wrong! The Oregon Tort Claims Act,* 47 Or L Rev 357 et seq (1968). A right of suit or action such as involved here, however, did not come into being with the passage of the Tort Claims Act. ORS 203.010 early on provided that counties may sue and be sued in regard to matters pertaining to their rights and duties as a corporate body. *Grant County v. Lake County,* 17 Or 453, 21 P 447 (1889). Further, the fact that after the sheriff's sale involved here there was added to plaintiff's complaint a request for a money judgment in the alternative in the event that return of the vehicle could not be had, would not have the effect of transforming the original suit into a tort claims action.

On a different issue, it is my view that plaintiff cannot prevail for the further reason that he failed to follow the prescribed statutory procedure for asserting his claim. Although plaintiff had been informed by county counsel in June 1975 that the sheriff was holding the vehicle subject to both the criminal proceedings and Dobrinski's execution, and although the county gave proper public notice of the execution sale, plaintiff filed no claim with the sheriff pursuant to ORS 23.320.[1] Certainly it could not be successfully

---

[1] ORS 23.320 provides:

"When personal property is seized by virtue of any execution, and any person other than the defendant claims such property, or any part thereof, and gives notice thereof in writing, the sheriff may summon

argued that a claimant under this section would first have to file a notice under the Tort Claims Act. This is, however, exactly where the majority's conclusion on the first point discussed above leads us.

from his county six persons, qualified as jurors between the parties, to try the validity of the claim, giving five days' notice of the time and place of the trial to the plaintiff in the execution or his attorney; or the adverse claimant may, at his option, have his claim adjudicated in a summary manner in the court out of which the execution issued, by affidavit, by oral testimony in open court or otherwise, as the court may determine."