Submitted on record and briefs August 31, affirmed December 1, 1981

## HARRIS,
*Appellant,*

*v.*

## DiIACONI et al,
*Respondents.*

(No. 114-310, CA A20792)

636 P2d 1005

Arnold Maxwell Harris, Salem, filed the briefs pro se for appellant.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Christine L. Dickey, Assistant Attorney General, Salem, filed the brief for respondents.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff is an inmate at Oregon State Penitentiary. On August 20, 1979, he filed an action in circuit court in which he alleged that Dr. DiIaconi, a physician employed by the state, Hoyt Cupp, the prison warden, and Robert Watson, the Corrections Division administrator, made libelous statements that he is a hypochondriac.[1] On March 6, 1980, the trial court separately granted each defendant's demurrer to the complaint. In each order, the trial court granted plaintiff ten days in which to plead further and fourteen days to request an extension of time for pleading further. Plaintiff moved to amend his complaint with respect to defendants DiIaconi and Cupp on March 24, 1981, to allege that the libelous statements were made maliciously and to add the editor of the *Capital Journal* newspaper as a party defendant. On that date, the court ordered dismissal of the complaint and later denied a motion to reconsider.

■ In his first assignment of error, plaintiff claims that the court erred in dismissing the complaint as to defendants Cupp and DiIaconi, because he allegedly never received the trial court's orders granting their demurrers and, hence, never had notice of the time limits for filing further pleadings. Although there is no factual basis for his contention in the record,[2] assuming *arguendo* that there is, it was nonetheless not error to dismiss the complaint. Plaintiff attempted to amend his complaint with respect to his actions against Cupp and DiIaconi on the assumption that the court had granted *only* Watson's demurrer. Yet, even on this assumption, the amended pleading came no closer to stating facts sufficient to constitute a cause of action in libel than it had originally with respect to *any* of the defendants.

---

[1] Dr. DiIaconi's allegedly libelous remark appeared in a letter to a Mrs. Shirley Comini, in which he attempted to assuage her concern about the quality of medical care received by plaintiff. He stated that plaintiff's primary difficulty is "severe hypochrondriasis."

[2] The record contains two letters written by plaintiff to the clerk of the court, dated March 15, 1981, and March 21, 1981, wherein he claims that he never received notice of the other court orders. The record contains all three orders, dated March 6, 1980. Plaintiff made no claim by affidavit that he did not receive the orders.

■  Without reaching the question of whether the statement that plaintiff is suffering from hypochondriasis is defamatory, we hold that the complaint was insufficient in that it failed to allege that he had given notice of his claim as required by the Oregon Tort Claims Act, ORS 30.275(1). Such an allegation is a condition precedent to recovery under the Act. *Urban Renewal Agency v. Lackey,* 275 Or 35, 40, 549 P2d 657 (1976);[3] *Pickett v. Washington County,* 31 Or App 1263, 1266, 572 P2d 1070 (1977). In so holding, we also dispose of his second assignment of error, wherein he maintains that his complaint stated facts sufficient to sustain a libel action against Dr. DiIaconi.

Affirmed.[4]

---

[3] In his reply brief, plaintiff claims that Dr. DiIaconi was not acting as a state employee when he wrote to Mrs. Comini. However, that is not what he alleged in his complaint.

[4] Plaintiff also claims that the trial court back-dated the Cupp and DiIaconi demurrers. We find no basis for that assertion in the record.